FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10486 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01627-DGC-1 |
| v. | |
| RICHARD D. BERNAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted March 11, 2015[**]
San Francisco California

Before: W. FLETCHER, DAVIS[***], and CHRISTEN, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

1

Appellant Richard Bernal appeals from a judgment of conviction, after a jury trial, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). He contends that the district court erred by denying his motion to suppress the gun the police found near him after he was seized, as well as the inculpatory statements he made about the gun. Bernal also contends that the district court erred by denying his motion for reconsideration and his motion for a new trial in light of new evidence casting doubt on the arresting officer's credibility.

We review de novo the district court's denial of Bernal's suppression motion. *United States v. Burkett*, 612 F.3d 1103, 1106 (9th Cir. 2010). We review for abuse of discretion the district court's denial of his motions for reconsideration and for a new trial. *United States v. Buffington*, 815 F.2d 1292, 1298 (9th Cir. 1987); *United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011). For the reasons set forth below, we affirm.

The district court properly denied Bernal's motion to suppress, because the police officer had reasonable suspicion that Bernal's vehicle was involved in a hit-and-run accident and driving under the influence. That reasonable suspicion was supplied by a 911 call that bears the hallmarks of reliability laid out in *Navarette v. California*, 134 S. Ct. 1683, 1689-90 (2014). The caller reported seeing a two-tone

green SUV, which the caller thought was fleeing a police helicopter, quickly exit the freeway and hit a median curb. Within minutes, the officer came upon an SUV that matched the caller's description near the location identified by the caller and with damage consistent with hitting a median at high speed.

Other circumstances bolstered the officer's reasonable suspicion that a crime had been committed: the SUV was stopped in the middle of the road; the men in the SUV did not welcome the officer's assistance, as people involved in innocent accidents normally do; they denied that an accident had occurred; they refused to identify the driver; one of the men appeared to be drunk; and the local bars had just closed.

Some of this information comes exclusively from the officer, whose credibility Bernal challenges based on the officer's inconsistent statements before and during trial about when he handcuffed Bernal. But questions about the officer's credibility regarding the handcuffing do not entitle Bernal to prevail. The officer testified consistently about the men's demeanor and behavior when he encountered them, and the district judge did not clearly err in finding him credible on these points. In any event, the 911 call, coupled with the officer's uncontested observations about the location and condition of the SUV, establish that the seizure

3

was lawful. Consequently, the district court properly denied Bernal's suppression motion and the post-trial motions.

Finally, Bernal is wrong that the officer violated the Fourth Amendment by detaining him when the officer did not know whether Bernal was the driver. The officer had cause to detain and question all of the men connected to the SUV. *Cf. Arizona v. Johnson*, 555 U.S. 323, 327 (2009).

Bernal makes other arguments, but because he made these arguments for the first time in his reply brief, and because the government has not briefed them, they are waived.

**AFFIRMED.**